UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KUMARI GREEN,
        Plaintiff,
-vs.-

NATIONAL CREDIT ADJUSTERS, L.L.C.,
a Kansas company,
        Defendant.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, KUMARI GREEN, THROUGH COUNSEL, MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN**, and for his Complaint against the Defendant, pleads as follows:

**JURISDICTION**

1.  This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

**VENUE**

2.  The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

3.  Venue is proper in the Eastern District of Michigan.

1

## PARTIES

4. The Defendant to this lawsuit is National Credit Adjusters, L.L.C., which is a Kansas company that maintains a registered agent in Ingham County, Michigan.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed to Kay Jewelers in the amount of $1,390.00 with account number 313622…. (the "Debt").

6. On or about May 19, 2016, Mr. Green obtained his Equifax credit file and noticed that Defendant reported the alleged Debt.

7. On or about May 25, 2016, Ms. Green submitted a letter to Defendant disputing the alleged Debt.

8. On or about June 16, 2016, Lexis Nexis/State Farm obtained Mr. Green's Experian credit file.

9. On or about June 20, 2016, Merrick Bank obtained Mr. Green's Trans Union credit file.

10. On or about June 29, 2016, Mr. Green obtained his Experian credit file and noticed that Defendant failed to report the alleged Debt as disputed, in violation of the FDCPA.

11. On or about June 29, 2016, Mr. Green obtained his Trans Union credit file and noticed that Defendant failed to report that the alleged Debt was disputed, in violation of the FDCPA.

12. When both Merrick Bank and Lexis Nexis/State Farm obtained Mr. Green's Experian and Trans Union credit files, Defendant had failed to report that the disputed Debt was in fact in dispute.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Mr. Green is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(8) by failing to communicate that a disputed debt is disputed. Defendant did this when it continued to report the alleged Debt on Mr. Green's Trans Union and Experian credit files without indicating that he disputed the alleged Debt after a third party had obtained his credit files.

18. Mr. Green has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

   **WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20.  Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Mr. Green is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a.  MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

23. Mr. Green has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.


   **WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.


## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Mr. Green is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a.  MCL §445.252(q) by failing to implement a procedure designed to prevent a

       violation by an employee.

29. Mr. Green has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.


**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus

costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.


**JURY DEMAND**

Plaintiff hereby demands a trial by Jury.


Respectfully submitted.


August 19, 2016         /s/ Gary Nitzkin
                      GARY D. NITZKIN (P41155)
                      TRAVIS SHACKELFORD P68710
                      MICHIGAN CONSUMER CREDIT LAWYERS
                      Attorneys for Plaintiff
                      22142 West Nine Mile Road
                      Southfield, MI 48033
                      (248) 353-2882
                      Fax (248) 353-4840
                      Email – gary@micreditlawyer.com